T.C. Memo. 2014-133

UNITED STATES TAX COURT

STEVEN T. WALTNER AND SARAH V. WALTNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1729-13.                                Filed July 3, 2014.

<u>Donald W. Wallis</u>, for petitioners.

<u>Matthew A. Houtsma</u> and <u>Michael W. Lloyd</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in petitioners' 2008

Federal income tax of $8,801 and an accuracy-related penalty under section

[*2] 6662(a) of $1,760.[1]  After the parties raised additional issues in the pleadings, the issues for decision are:  (1) whether respondent issued the notice of deficiency before the period of limitations on assessment expired; (2) if so, whether petitioners failed to report wage income for 2008; (3) whether petitioners failed to report income from the sale or exchange of property for 2008; (4) whether petitioners are liable for an accuracy-related penalty under section 6662(a) or, alternatively, an addition to tax under section 6651(a)(1) for 2008; (5) whether petitioners are liable for a penalty under section 6673(a)(1) for maintaining frivolous or groundless positions in this Court; and (6) whether petitioners' counsel should be required to pay respondent's excessive litigation costs under section 6673(a)(2) or be sanctioned under Rule 33(b).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts is incorporated herein by this reference.  When they petitioned this Court, Steven T. Waltner resided in California and Sarah V. Waltner resided in Arizona.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Some monetary amounts have been rounded to the nearest dollar.

**[*3]** I.    Mr. Waltner's 2008 Employment Income

During 2008 Mr. Waltner was an employee of TEKsystems, Inc. (TEKsystems), Spherion Atlantic Enterprises, LLC (Spherion Atlantic), and Perot Systems Corp. (Perot Systems). During that year TEKsystems, Spherion Atlantic, and Perot Systems paid to Mr. Waltner $33,559, $210, and $41,957, respectively.

II.    Mr. Waltner's Citigroup Account

During 2008 Mr. Waltner had an investment account with Citigroup Global Markets, Inc. (Citigroup). On May 16, 2008, Mr. Waltner sold shares in a mutual fund that he owned through his Citigroup account for $5,905, and on May 21, 2008, he withdrew that amount from his Citigroup account.

III.    Petitioners' Purported Return

On August 11, 2009, petitioners filed a purported joint Form 1040, U.S. Individual Income Tax Return, for 2008 (2008 return). On their 2008 return petitioners reported IRA distributions of $22,661 and zero wages or other income. They claimed a student loan interest deduction of $738, leaving them with adjusted gross income of $21,923. After claiming itemized deductions of $26,624 and exemptions of $7,000, they reported taxable income and total tax of zero. They also reported income tax withheld, total payments, and an overpayment of $10,679.

**[\*4]** Petitioners attached to their 2008 return three Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., corresponding to Forms W-2, Wage and Tax Statement, that Mr. Waltner received from his employers in 2008. On the Form 4852 relating to his employment with TEKsystems Mr. Waltner reported wages, tips, and other compensation of zero, Federal income tax withheld of $2,069, Social Security tax withheld of $2,081, and Medicare tax withheld of $487. On the Form 4852 relating to his employment with Spherion Atlantic Mr. Waltner reported wages, tips, and other compensation of zero, State income tax withheld of $2, Social Security tax withheld of $13, and Medicare tax withheld of $3. On the Form 4852 relating to his employment with Perot Systems Mr. Waltner reported wages, tips, and other compensation of zero, Federal income tax withheld of $2,673, State income tax withheld of $486, Social Security tax withheld of $2,601, and Medicare tax withheld of $608. On all three Forms 4852 Mr. Waltner stated that he determined these amounts from "[p]ersonal knowledge and records provided by the company listed as 'payer'" and that he had made no efforts to obtain correct Forms W-2 from his employers.

**[*5]**  Petitioners also attached to their 2008 return a document purporting to be a "correcting Form 1099-B" relating to the distributions Mr. Waltner received from his Citigroup account in 2008.  On the "correcting Form 1099-B" he reported that he had received gross proceeds less commissions from Citigroup of zero and stated that "[t]his correcting Form 1099-B is submitted to rebut a document known to have been submitted by the party identified above as 'Payer' and 'Broker' which erroneously alleged a payment to the party identified above as 'Steve T. Waltner' of 'gross proceeds' in connection with a 'trade or business.'"

IV.    Petitioners' Refund Suit

Petitioners filed a suit in the U.S. Court of Federal Claims, seeking to recover refunds of allegedly overpaid Federal income tax for 2003-08.  See Waltner v. United States, 98 Fed. Cl. 737, 739 (2011), aff'd, 679 F.3d 1329 (Fed. Cir. 2012).  The Court of Federal Claims dismissed petitioners' refund suit with respect to 2004-08 because it held that it lacked jurisdiction.  See id. at 761.  It explained as follows:

> [P]laintiffs in this case did not submit sufficient information for tax years 2004, 2005, 2006, 2007, and 2008 for any of the plaintiffs' returns to be considered valid tax returns.  For each of the tax years, the plaintiffs claim zero in tax liability, allege that no wages were received by plaintiffs, and allege that the amount of dividends received each year was zero.  The plaintiffs did not provide the IRS with sufficient information for the tax years at issue, such that the IRS

**[*6]** could calculate their tax liability, and therefore, the returns filed by the plaintiffs were neither proper returns or proper claims for refund. As the plaintiffs failed to file properly completed, timely returns for each of the tax years at issue, the court lacks jurisdiction for the plaintiffs' claims for refund tax years 2004, 2005, 2006, 2007, and 2008.

Id.

The U.S. Court of Appeals for the Federal Circuit affirmed the dismissal of petitioners' refund suit. See Waltner, 679 F.3d at 1334. The Court of Appeals explained as follows:

We agree * * * that a form that contains zeros in place of any reportable income does not constitute a valid tax return; it is not "properly executed" for purposes of § 301.6402-3(a)(5)[, Proced. & Admin. Regs.,] and does not meet the specificity requirements imposed by § 301.6402-2(b)(1)[, Proced. & Admin. Regs]. Here, taxpayers submitted amended returns for 2004, 2005, and 2006 in which they replaced the income they previously reported, which was consistent with third-party information provided to the IRS, with zeros and inserted a string of zeros in their 2007 and 2008 tax returns that directly contradicted W-2s and other forms submitted by third parties to the IRS. The taxpayers admittedly took no action to obtain "corrected" third party forms that would corroborate their claims of zero taxable income. Thus, the taxpayers' amended returns for 2004, 2005, and 2006, as well as their returns for 2007 and 2008 do not implicate an "honest and reasonable intent to supply information required by the tax code" or rise to the level of specificity required by regulation. None of the forms submitted by the taxpayers constitute "properly executed" returns that can serve as claims for refund over which the Court of Federal Claims has jurisdiction. We affirm the dismissal of the taxpayers' claims for tax refund for lack of jurisdiction.

**[\*7]** Id. (fn. ref. omitted).  On October 1, 2012, the Supreme Court of the United States denied the petition for certiorari in petitioners' refund suit.  See Waltner v. United States, 133 S. Ct. 319 (2012).

V.    Notice of Deficiency and the Pleadings in This Case

On October 17, 2012, respondent mailed to petitioners the notice of deficiency in this case.  In the notice respondent determined that petitioners are liable for tax on Mr. Waltner's wage income for 2008 and for an accuracy-related penalty under section 6662(a).

Petitioners timely petitioned this Court, asserting only frivolous or irrelevant objections to the adjustments in the notice of deficiency.  Although respondent initially processed petitioners' 2008 purported return and issued the aforementioned notice of deficiency as if petitioners had filed a 2008 return, in his answer respondent asserted that (1) petitioners are precluded by the doctrine of collateral estoppel from arguing that their 2008 return was a valid return, and (2) petitioners are therefore liable for an addition to tax under section 6651(a)(1) for failing to timely file a required return for 2008.

In an amendment to petition, petitioners asserted that the statute of limitations on assessment bars respondent from assessing or collecting the amounts determined in the notice of deficiency.  In an answer to amendment to

**[*8]** petition respondent asserted that the statute of limitations on assessment does not apply because petitioners are precluded from arguing that the 2008 return was valid.

On the day of trial respondent filed an amendment to answer to amendment to petition. In the amendment to answer to amendment to petition respondent asserted that petitioners are liable for tax on the distributions from Mr. Waltner's Citigroup account.

VI.   Pretrial and Trial Proceedings in This Case

On August 13, 2013, we set this case for trial on the Court's January 13, 2014, trial session in Phoenix, Arizona. On November 14, 2013, petitioners' counsel entered an appearance. On November 15, 2013, petitioners moved to change the place of trial to Jacksonville, Florida. We denied petitioners' motion.

On December 30, 2013, petitioners filed a pretrial memorandum. It was signed by petitioners' counsel and contained arguments that are meritless and often frivolous.

We subsequently changed the trial date to March 3, 2014, and we held a trial on that date. Neither petitioners' counsel nor Mr. Waltner appeared at trial. Instead, Mrs. Waltner appeared on behalf of petitioners. She introduced no evidence to support the positions that petitioners took on their 2008 return, and

**[*9]** she declined to make a closing argument after trial.[2]  She did, however, insist that the positions petitioners took on their 2008 return were correct.

VII.   <u>Frivolous Submission Penalty Under Section 6702 (Docket No. 21953-12L)</u>

In March 2010 respondent sent to petitioners a letter informing them that their 2008 return was frivolous and offering them a chance to submit a corrected return.  <u>Waltner v. Commissioner</u>, T.C. Memo. 2014-35, at *4.  Petitioners failed to do so, and respondent assessed a $5,000 penalty under section 6702 and issued to Mr. Waltner a notice of penalty charge, informing him of the assessed penalty.  <u>See</u> <u>id.</u>  Respondent issued a notice of intent to levy to Mr. Waltner to collect the section 6702 penalty.  <u>See</u> <u>id.</u>  Mr. Waltner requested a hearing, and respondent subsequently issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy.  <u>See</u> <u>id.</u> at *4-*6.

Mr. Waltner petitioned this Court at docket No. 21953-12L.  After lengthy and contentious pretrial proceedings Mr. Waltner paid the section 6702 penalty and sought to have the case dismissed as moot.  <u>See</u> <u>id.</u> at *20-*21.  By then,

_____

[2]Mrs. Waltner asked to submit posttrial briefs, but we determined, in our discretion--in part on the basis of the arguments advanced in petitioners' pretrial memorandum--that any posttrial briefing by petitioners would not assist us in deciding this case.  <u>See</u> Rule 151(a).

**[\*10]** however, respondent had filed a motion to impose a penalty under section 6673(a)(1) on Mr. Waltner.  See id. at \*21-\*22.

On February 27, 2014, less than a week before trial in this case, we granted respondent's motion and imposed a section 6673(a)(1) penalty of $2,500 on Mr. Waltner.  See id. at \*62-\*63.  Additionally, we explained at great length why the positions that petitioners took on their 2008 return--and throughout the litigation in that case--are frivolous and without merit.  See id. at \*24-\*62.

OPINION

I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, if the Commissioner raises a new matter, seeks an increase in a deficiency, or asserts an affirmative defense, the Commissioner has the burden of proof as to the new matter, increased deficiency, or affirmative defense.  Rule 142(a)(1).

Additionally, under section 7491(a)(1), if a taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the

[*11] requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner.[3] Because petitioners have failed to introduce any credible evidence with respect to any factual issue in this case, the burden of proof remains on them.

The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case appears to lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), (2), has held that for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the income-producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977), or demonstrating that the taxpayer actually received unreported income, see Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

---

[3]"Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)." Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

**[\*12]** The parties stipulated that Mr. Waltner worked for TEKsystems, Spherion Atlantic, and Perot Systems in 2008 and that he was paid by these employers amounts totaling $75,726 in 2008. Respondent has therefore met his burden of showing that petitioners were connected to an income-producing activity and received unreported income. See Edwards v. Commissioner, 680 F.2d at 1270-1271; Weimerskirch v. Commissioner, 596 F.2d at 361-362. Accordingly, the burden of proof on this issue remains on petitioners.

Respondent first asserted that petitioners are liable for tax in connection with the sale or exchange of property in Mr. Waltner's Citigroup account in an amendment to answer to amendment to petition. Accordingly, the burden of proof on this issue is on respondent. See Rule 142(a)(1).

The statute of limitations is an affirmative defense, and the party asserting it must specifically plead it and carry the burden of showing its applicability. See Rules 39, 142(a); Robinson v. Commissioner, 117 T.C. 308, 312 (2001); Adler v. Commissioner, 85 T.C. 535, 540 (1985). Petitioners properly pleaded the statute of limitations as a defense in an amendment to petition. Accordingly, the burden of proof on this issue is on petitioners. However, respondent bears the burden of proving that an exception to the general three-year period of limitations applies. See Harlan v. Commissioner, 116 T.C. 31, 39 (2001) (citing Reis v.

**[\*13]** <u>Commissioner</u>, 142 F.2d 900 (6th Cir. 1944), <u>aff'g</u> 1 T.C. 9 (1942));

<u>Bardwell v. Commissioner</u>, 38 T.C. 84, 92 (1962), <u>aff'd</u>, 318 F.2d 786 (10th Cir.

1963).  Additionally, to the extent that respondent relies on the doctrine of

collateral estoppel to preclude petitioners from arguing that their 2008 return was

valid, the burden of proof is on respondent.  <u>See</u> Rules 39, 142(a).

II.    Statute of Limitations

A.    <u>Generally</u>

Generally, an assessment of tax must be made within three years after a

taxpayer files a return.  <u>See</u> sec. 6501(a).  However, if the taxpayer did not file a

return, an assessment of tax may be made at any time.  <u>See</u> sec. 6501(c)(3).  To be

considered as having filed a return, a taxpayer must have filed a valid return.  <u>See</u>

<u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), <u>aff'd</u>, 793 F.2d 139 (6th Cir.

1986).  Under <u>Beard</u>, a valid return is one that (1) contains sufficient data to

calculate a tax liability, (2) purports to be a return, (3) represents an honest and

reasonable attempt to satisfy the requirements of the tax law, and (4) is executed

by the taxpayer under penalties of perjury.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Appleton v.</u>

<u>Commissioner</u>, 140 T.C. 273, 284-285 (2013).  A taxpayer who files a document

that purports to be a Federal income tax return but which contains only zeros on

the relevant lines has not filed a valid return because it does not contain sufficient

[*14] information for the Commissioner to calculate and assess a tax liability.  See

Cabirac v. Commissioner, 120 T.C. 163, 169 (2003).

Additionally, the three-year limitations period is extended to six years "[i]f

the taxpayer omits from gross income an amount properly includible therein",[4] sec.

6501(e)(1)(A), such amount "is in excess of 25 percent of the amount of gross

income stated in the return", id., and that amount is not "disclosed in the return, or

in a statement attached to the return, in a manner adequate to apprise the Secretary

of the nature and amount of such item", sec. 6501(e)(1)(A)(ii).

In applying section 6501(e)(1)(A)(ii), we must consider whether an

adjustment to the taxpayer's gross income might be apparent from the face of the

return to the "reasonable man".  Univ. Country Club, Inc. v. Commissioner, 64

T.C. 460, 471 (1975).  Although section 6501(e)(1)(A)(ii) does not require that the

return disclose the exact amount of the omitted income, "[t]he disclosure must be

more substantial than providing a clue that would intrigue the likes of Sherlock

Holmes but need not recite every underlying fact." Highwood Partners v.

Commissioner, 133 T.C. 1, 21 (2009) (citing Quick Trust v. Commissioner, 54

T.C. 1336, 1347 (1970), aff'd, 444 F.2d 90 (8th Cir. 1971)).

---

[4]For purposes of sec. 6501(e)(1)(A), gross income includes those items listed in sec. 61(a).  See Daniels v. Commissioner, T.C. Memo. 2012-355, at *6-*7 (citing Carr v. Commissioner, T.C. Memo. 1978-408).

**[*15]**  B.    Collateral Estoppel Generally

Under the doctrine of collateral estoppel, once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979).  Collateral estoppel is a judicially created equitable principle the purposes of which are to protect the parties from unnecessary and redundant litigation, to conserve judicial resources, and to foster certainty in and reliance on judicial action.  Id. at 153-154.

Before we may apply collateral estoppel the following five conditions must be satisfied:  (1) the issue in the second suit must be identical in all respects with the issue decided in the first suit; (2) the issue in the first suit must have been the subject of a final judgment entered by a court of competent jurisdiction; (3) the person against whom collateral estoppel is asserted must have been a party or in privity with a party in the first suit; (4) the parties must actually have litigated the issue in the first suit and resolution of the issue must have been essential to the prior decision; and (5) the controlling facts and applicable legal principles must remain unchanged from those in the first suit.  See Bussell v. Commissioner, 130

[*16] T.C. 222, 239-240 (2008); Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), aff'd, 904 F.2d 525 (9th Cir. 1990).

C.    Analysis

Respondent contends that the three-year statute of limitations on assessment does not apply here because (1) the doctrine of collateral estoppel bars petitioners from arguing that their 2008 return was valid; (2) their 2008 return was in any event invalid under Beard v. Commissioner, 82 T.C. at 777; and (3) petitioners omitted from gross income an amount that is greater than 25% of the amount shown on their 2008 return and they failed to properly disclose the omission.

We agree with respondent's primary contention that the doctrine of collateral estoppel bars petitioners from arguing that their 2008 return was valid. In Waltner, 98 Fed. Cl. at 761, the Court of Federal Claims dismissed petitioners' refund suit because a valid return is a prerequisite for maintaining a refund suit in that court and the court concluded that petitioners' 2008 return was invalid. The Court of Appeals affirmed the dismissal of petitioners' refund suit on that basis. See Waltner, 679 F.3d at 1334.

All five conditions for applying collateral estoppel are met here. First, the issue of whether petitioners' 2008 return was valid is identical to the issue decided against petitioners by the Court of Federal Claims. Second, although the dismissal

**[*17]** in that case was not a judgment on the merits, the issue of whether the 2008 return was valid was necessarily decided by that court when it dismissed the case for lack of jurisdiction, and that decision is entitled to preclusive effect. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 (10th Cir. 2001) ("'Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.'" (quoting 18 Charles Alan Wright et al., Federal Practice and Procedure, sec. 4436 (1981))); Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) ("It may seem paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court. But the paradox is superficial. A court has jurisdiction to determine its own jurisdiction." (citing U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79 (1988), and United States v. Shipp, 203 U.S. 563, 573 (1906))). Third, the parties in this case are identical to the parties in that case. Fourth, the issue of whether the 2008 return was valid was fully litigated in that case. Fifth, the controlling facts and applicable legal principles remain unchanged from those in that case.

**[*18]**  Petitioners are therefore precluded by the doctrine of collateral estoppel from arguing that their 2008 return was valid.[5]  Accordingly, the statute of limitations on assessment does not bar respondent from assessing the tax at issue because petitioners failed to file a valid return for that year.[6]  See sec. 6501(c)(3); Appleton v. Commissioner, 140 T.C. at 284-285; Beard v. Commissioner, 82 T.C. at 777.

III.    Unreported Wage Income

Gross income includes "all income from whatever source derived".  Sec. 61(a).  This includes compensation for services.  See sec. 61(a)(1).  Petitioners bear the burden of proof on this issue.  See supra part I.  Petitioners failed to introduce any evidence to support the Forms 4852 that they attached to their 2008 return.  Accordingly, we sustain respondent's determination that petitioners are liable for tax on Mr. Waltner's unreported wages.

---

[5]Alternatively, even if petitioners were not precluded from arguing that their 2008 return was valid, we would still conclude that petitioners' 2008 return was invalid for the same reasons as those provided by the Court of Federal Claims and the Court of Appeals in petitioners' refund suit.  See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd, 793 F.2d 139 (6th Cir. 1986); see also Oman v. Commissioner, T.C. Memo. 2010-276, 100 T.C.M. (CCH) 548, 552-555 (2010) (applying the Beard test in a case appealable to the U.S. Court of Appeals for the Ninth Circuit).

[6]Accordingly, we need not address respondent's alternative contention that the six-year statute of limitations under sec. 6501(e)(1)(A) applies.

[*19] IV.    Distributions From Mr. Waltner's Citigroup Account

Gross income also includes gains derived from dealings in property.  See sec. 61(a)(3).  Gain from the sale or exchange of property must be recognized, unless the Code provides otherwise.  Sec. 1001(c).  Section 1001(a) defines gain from the sale or exchange of property as the excess of the amount realized on the sale of the property over the adjusted basis of the property sold or exchanged.  See also sec. 1.61-6(a), Income Tax Regs.  Respondent bears the burden of proof on this issue.  See supra part I.  Respondent failed to introduce any evidence with respect to Mr. Waltner's basis in the mutual fund shares that he sold through his Citigroup account.  Accordingly, respondent has failed to prove that petitioners are liable for tax on the amount realized from that sale.

V.    Addition to Tax and Penalties

A.    Burden of Proof

The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax and must produce sufficient evidence indicating that it is appropriate to impose the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer

**[*20]** had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 446-447. However, if the Commissioner first asserts penalties in the answer, the Commissioner has the burden of proof as to the new matter. See Rule 142(a)(1); Derby v. Commissioner, T.C. Memo. 2008-45, 95 T.C.M. (CCH) 1177, 1194 (2008).

Respondent first asserted an addition to tax under section 6651(a)(1) in the answer. Accordingly, respondent has the burden of proving that petitioners are liable for the addition to tax under section 6651(a)(1). See Rule 142(a)(1); Derby v. Commissioner, 95 T.C.M. (CCH) at 1194.

B.      Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994). A failure to timely file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Circumstances that are considered to constitute reasonable cause for failure to timely file a return are typically those outside of the

[*21] taxpayer's control, including, for example: (1) unavoidable postal delays; (2) the timely filing of a return with the wrong office; (3) the death or serious illness of the taxpayer or a member of the taxpayer's immediate family; (4) a taxpayer's unavoidable absence from the United States; (5) destruction by casualty of a taxpayer's records or place of business; and (6) reliance on the erroneous advice of an IRS officer or employee. See McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547. Respondent bears the burden of proof on this issue. See supra part V.A.

We have held that respondent has established through application of collateral estoppel that petitioners' 2008 return was invalid. See supra part II.C. The record shows that petitioners' failure to file a valid 2008 return was not due to reasonable cause and was due to willful neglect. Accordingly, petitioners are liable for an addition to tax under section 6651(a)(1) for 2008.

C.     Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a 20% penalty on an underpayment of tax that is attributable to, among other things, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. The penalty under section 6662(a) applies only where a valid return has been filed. See sec. 6664(b). Because petitioners' 2008

**[\*22]** return was invalid, see supra part II.C, petitioners are not liable for an accuracy-related penalty under section 6662(a).

D.      Penalty Under Section 6673(a)(1)

Under section 6673(a)(1) we may require a taxpayer to pay a penalty not in excess of $25,000 if it appears that: (1) the taxpayer instituted or maintained proceedings in this Court primarily for delay; (2) the taxpayer asserts frivolous or groundless positions in this Court; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Despite our efforts in Waltner v. Commissioner, T.C. Memo. 2014-35, to explain to petitioners that the positions that they took on their 2008 return and before this Court are frivolous, they refused to withdraw their frivolous positions in this case. At trial respondent's counsel suggested that a penalty under section 6673(a)(1) of $5,000 with respect to each petitioner was necessary to prevent petitioners from again asserting frivolous positions before this Court. We agree with respondent's suggestion that a substantial penalty is warranted, but we

**[*23]** believe that both petitioners should be liable for the full amount of the penalty imposed. Accordingly, we impose on petitioners a penalty under section 6673(a)(1) of $10,000.

E.    Costs Under Section 6673(a)(2) and Sanctions Under Rule 33(b)

Under section 6673(a)(2) we may impose on any person admitted to practice before this Court who unreasonably and vexatiously multiplies the proceedings in any case the excessive costs reasonably incurred on account of such conduct. This Court may sua sponte impose such costs. See Best v. Commissioner, T.C. Memo. 2014-72, at *22-*23 (citing Edwards v. Commissioner, T.C. Memo. 2002-169, aff'd, 119 Fed. Appx. 293 (D.C. Cir. 2005), and Leach v. Commissioner, T.C. Memo. 1993-215). Rule 33(b) sets standards in connection with counsel's signature on a pleading and provides that upon our own motion we may sanction counsel for failure to meet those standards. Although we have found petitioners deserving of a section 6673(a)(1) penalty, we believe that petitioners' counsel may also be deserving of a sanction for unreasonably and vexatiously prolonging these proceedings. We will therefore order petitioners' counsel to show cause why we should not impose on him excessive costs pursuant to section 6673(a)(2) or sanction him pursuant to Rule 33(b). We will also order respondent to express his position on these issues and to provide us with his computations of the excess

**[*24]** costs, expenses, and attorney's fees reasonably incurred on account of petitioners' counsel's conduct in this case.[7]

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Appropriate orders will be issued, and decision will be entered under Rule 155.</u>

---

[7]In computing the excessive costs respondent should not include costs incurred before petitioners' counsel entered an appearance in this case or costs attributable to the issues of (1) whether the statute of limitations on assessment and collection applies in this case; (2) whether petitioners had unreported income from the sale of assets in Mr. Waltner's Citigroup account; (3) whether petitioners are liable for an accuracy-related penalty under sec. 6662(a); and (4) whether petitioners are liable for an addition to tax under sec. 6651(a)(1).