T.C. Memo. 2016-108

UNITED STATES TAX COURT

STEVEN N. LEVI AND CRISTINA LEVI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10903-13.                          Filed June 2, 2016.

Steven N. Levi and Cristina Levi, pro sese.

Anne M. Craig and Lauren B. Epstein, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  After concessions by both parties, the issues remaining

for decision in this case are whether Steven N. Levi (petitioner)[1] is entitled for the

_____

[1]Because respondent has conceded that Cristina Levi had no Federal income tax liability or filing requirement for the taxable year 2010, all references to petitioner herein relate only to Steven N. Levi.

[*2] taxable year 2010, to: (1) all deductions claimed on Schedule A, Itemized Deductions, of his invalid return; (2) adjustments to gross income of $24,000 for a self-employed health insurance deduction and $27,900 for an alimony paid deduction; (3) a loss deduction of $38,047 claimed on Schedule C, Profit or Loss From Business, from a dog breeding business; and (4) dependency exemption deductions for his two minor daughters. In addition, we must decide whether petitioner is liable for a section 6651(a)(1)[2] addition to tax of $4,024 and a section 6662(a) accuracy-related penalty of $16,094 for 2010.

## Background

### Federal Income Tax Return for 2010

In April 2011 petitioners hired Florida attorney Sarah Martello to prepare their Form 1040, U.S. Individual Income Tax Return, for 2010. Ms. Martello signed the return on their behalf on October 17, 2011, which was the extended deadline for filing. The record is unclear as to when the return was mailed. Respondent received the return on October 24, 2011.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]   Petitioners reported the following on their 2010 Federal income tax return:

Form 1040 Income

Line 7:  Wages $150,759.94

Line 8a:  Taxable interest $2,287.53

Line 17:  Schedule E income $257,306

Adjusted Gross Income

Line 29:  Self-employed health insurance deduction $24,000

Line 31a:  Alimony paid deduction $27,900

Schedule A:  Itemized Deductions

Line 1:  Medical and dental expenses $11,295

Line 5:  State and local general sales taxes $6,071

Line 6:  Real estate taxes $5,422

Line 10:  Home mortgage interest $12,750

Line 16:  Gifts to charity by cash or check $440

Line 21:  Unreimbursed employee expenses $9,100

Line 22:  Tax preparation fees $4,000

Line 23:  Other expenses $132,000 "Atty Fees--Defense of SH interest"

Schedule C:  Profit or Loss From Business

Line 31:  Business loss ($38,047)

**[*4]** <u>Tax, Credits, Payments and Refund: Form 1040</u>

Line 42: Exemptions $14,600

Line 45: Alternative minimum tax $46,191

Line 61: Withholding credits $101,669

Line 74a: Refund $33,677

<u>Notice of Deficiency</u>

On February 11, 2013, respondent issued a notice of deficiency to petitioners, determining a $10,500 deficiency in their 2010 Federal income tax, a $4,024 addition to tax under section 6651(a)(1) for failure to timely file, and a $16,094 accuracy-related penalty under section 6662(a).

<u>Petition</u>

When petitioners filed their timely petition on May 16, 2013, they resided in Florida.

<u>Answer</u>

On July 8, 2013, respondent filed an answer conceding that petitioners "did not overclaim withholding credits" on their 2010 return, making adjustments to petitioners' return, and alleging that petitioners did not sign their 2010 return "in their names" and therefore, they "failed to file" a return for that year. In his

**[*5]** amended answer filed July 10, 2013, respondent reiterated that petitioners did not sign their 2010 return. Petitioners did not file a reply.

Divorce

Petitioners subsequently divorced, and the decree became final on March 7, 2014.

Prior Issue Decided in This Case

On December 11, 2014, respondent filed a motion for partial summary judgment contending that petitioners did not file a valid Federal income tax return for 2010. Petitioners filed timely responses to respondent's motion. On June 30, 2015, respondent's motion for partial summary judgment was granted pursuant to the Court's Memorandum Opinion, Levi v. Commissioner, T.C. Memo. 2015-118, on the ground that petitioners' 2010 Federal income tax return is invalid because it was not signed by them or their authorized agent.

First Amendment to Amended Answer

On August 25, 2015, respondent filed his first amendment to amended answer, stating as follows:

> 7. FURTHER ANSWERING the petition, and in support of increasing the deficiency from $10,500.00 against both petitioners as shown in the notice of deficiency to an amount to be determined against petitioner husband only based on total unreported income in the amount of $440,353.47 (including $30,000 in unreported taxable

[*6] retirement income, as set forth in the notice of deficiency), for the 2010 taxable year, claim for which is being made under the provisions of I.R.C. sec. 6214(a), respondent alleges the following:

a. Petitioner husband has not filed a valid income tax return for taxable year 2010;

b. Petitioner husband received $150,759.94 in wages in taxable year 2010;

c. Petitioner husband received $2,287.53 in taxable interest in taxable year 2010;

d. Petitioner husband received $257,306.00 in Schedule E income in taxable year 2010;

e. Accordingly, respondent asserts that, including the adjustments contained in the notice of deficiency, petitioner husband failed to report taxable income in the amount of $440,353.47 for the 2010 taxable year;

f. Petitioner husband's filing status should be married filing separately;

g. Petitioner husband is entitled to a standard deduction of $5,700.00;

h. Petitioner husband is entitled to one personal exemption in the amount of $3,650.00;

i. Petitioner husband's correct tax liability is $136,005.00;

j. Petitioner wife has not filed a valid income tax return for taxable year 2010;

k. Petitioner wife has no filing requirement for taxable year 2010.

**[*7]**  WHEREFORE, it is prayed that the relief sought in the petition be denied and that respondent's determination, as set forth in the notice of deficiency, and as supplemented by this first amendment to amended answer, be in all respects approved.

Reply to First Amendment to Amended Answer

On September 21, 2015, petitioners filed a reply to the first amendment to amended answer admitting as follows:

7.  Admits that (a) petitioner husband, Steven Levi (hereinafter "Mr. Levi"), received $30,000 of taxable retirement income for taxable year 2010 as set forth in the notice of deficiency that was not reported on the document that was intended to be Mr. Levi's 2010 tax return (as further described below), (b) that respondent seeks an increase [sic] deficiency pursuant to I.R.C. sec. 6214(a), and (c) that respondent seeks a deficiency only against Mr. Levi and denies the remainder.

a.  Admits that based on the Court's June 29, 2015, Memorandum Opinion and June 30, 2015, Order, Mr. Levi did not file a valid 2010 Federal income tax return.

b.  Admits.

c.  Admits.

d.  Admits.

e.  Denies and alleges that Mr. Levi directed his return preparer, Sarah Martello (hereinafter "Ms. Martello"), to prepare and file his 2010 Federal income tax return which reported the exact items of income as outlined in paragraphs 7b., 7c., and 7d. of Respondent's First Amendment to Amended Answer and that such tax return was timely filed with respondent and for which respondent relied upon when issuing the notice of deficiency forming the basis of this case.

[*8] Only because Ms. Martello signed such 2010 tax return on behalf of the petitioners by virtue of her power of attorney (Form 2848) which was not valid authority to sign a tax return pursuant to applicable Treasury Regulations, this Court found such tax return was invalid. Thus, although technically invalid, a document purporting to be Mr. Levi's 2010 return and reporting the foregoing income was timely filed with respondent.

    f. Admits.

    g. Denies and alleges Mr. Levi is entitled to: itemized deductions as reported on Schedule A attached to the document that was intended to be Mr. Levi's 2010 tax return (but for the invalid signature of Ms. Martello) consisting of medical and dental expenses of $11,295, general sales [and real estate] taxes of $11,493, home mortgage interest of $12,750, charitable contributions of $440, and miscellaneous deductions of $145,100 (these amounts may be reduced by operation of law).

    h. Denies and alleges Mr. Levi is entitled to claim personal exemption deductions for himself and his two daughters, both of whom were reported on the document that was intended to be Mr. Levi's 2010 tax return (but for the invalid signature of Ms. Martello).

    i. Denies and alleges that, in addition to itemized deductions and personal exemption deductions as outlined above, Mr. Levi is also entitled to: (a) a Schedule C loss as reported on line 12 of the Form 1040 that was intended to be Mr. Levi's 2010 tax return (but for the invalid signature of Ms. Martello); (b) adjustments to gross income of $24,000 for self-employed health insurance deduction and $27,900 of alimony paid as reported on lines 29 and 31a of the Form 1040 that was intended to be Mr. Levi's 2010 tax return (but for the invalid signature of Ms. Martello); and (e) withholding credits of $101,669.

    j. Admits.

**[*9]**       k.  Admits.

WHEREFORE, petitioners pray that the Court determine:  (a) Mr. Levi's correct tax liability after accounting for all losses, deductions, adjustments to gross income, and withholding credits as outlined above; (b) that Mr. Levi has no liability for penalties/additions to tax pursuant to I.R.C. secs. 6651(a)(1) and 6662(a); (c) determine petitioner wife, Mrs. Levi, has no 2010 tax liability or liability for penalties/additions to tax; and (d) for such other relief as the Court deems just and proper.

November 30, 2015, Court Order and Subsequent Events

On November 30, 2015, this Court ordered the parties to file a memorandum brief regarding the burden of proof with respect to the issues remaining in dispute[3] and to file a stipulation of facts with respect to all contested issues remaining for decision in this case by January 15, 2016.  That order also set the case for trial at a special trial session of the Court on May 9, 2016, in Jacksonville, Florida.

Harris L. Bonnette, Jr., was petitioners' counsel of record.  Because petitioner failed to cooperate with his attorney, Mr. Bonnette filed a motion to

_____

[3]The notice of deficiency did not disallow petitioners' 2010 claimed Schedule A deductions, Schedule C business loss deduction, and gross income adjustments for the health insurance deduction and alimony paid deduction. Accordingly, the Court ordered the parties to address whether petitioner or respondent has the burden of proof on these issues because they involve "new matter" under Rule 142(a).  See Shea v. Commissioner, 112 T.C. 183, 195-197 (1999).

**[\*10]** withdraw on December 15, 2015. The Court granted Mr. Bonnette's motion on December 18, 2015, for the reasons stated therein.

On January 14, 2016, respondent filed a memorandum of authorities contending that petitioner bears the burden of proof as to all claimed deductions and adjustments to income. Petitioner did not file a memorandum brief regarding the burden of proof issue.

On January 15, 2016, respondent filed a status report explaining that on January 14, 2016, petitioner sent to respondent's counsel a nine-page fax including some documentation in support of his position. Respondent attached a copy of the fax and documents to the Court for filing along with his status report. However, on the basis of the documentation petitioner provided, respondent stated that he was "unable to stipulate to any facts regarding the deductions that petitioner Steven N. Levi claims."

By order dated February 2, 2016, the Court: (1) agreed with respondent that petitioner continues to bear the burden of proving he is entitled to all the claimed Schedule A deductions, Schedule C expense deductions, a Schedule C loss deduction, dependency exemption deductions, and health insurance and alimony paid adjustments for 2010 and (2) ordered petitioner on or before March 8, 2016, to submit any further substantiation documents, "such as cancelled checks, credit

**[*11]** card statements, bank and financial records, to this Court and respondent, to prove that he personally incurred and paid all Schedule A deductions and Schedule C expenses, adjustments to gross income for self-employed health insurance and alimony, and substantiation of dependency exemptions for his minor daughters, that he claims for the taxable year 2010." Petitioner failed to comply with the Court's order.

In the Court's order dated March 16, 2016, this case was deemed submitted for opinion and decision based on the pleadings, documents, and concessions of the parties, and the May 9, 2016, special trial session was canceled.

In an order dated April 14, 2016, this Court requested the parties to show cause on or before May 2, 2016, why a trial is necessary and should be held in this case. On May 2, 2016, respondent filed a response stating that he had no objection to this case's being submitted for opinion and decision based on the pleadings, documents, and concessions of the parties. Petitioner failed to respond to the Court's show cause order. In an order dated May 5, 2016, the Court's order to show cause, dated April 14, 2016, was made absolute, and the case was submitted for opinion and decision on the existing record based on the pleadings, documents, and concessions of the parties without a trial.

**[\*12]**                                   <u>Discussion</u>

I.      <u>Jurisdiction</u>

This Court has jurisdiction to redetermine taxpayers' separate tax liabilities

when the notice of deficiency is based on an invalid Federal income tax return.

<u>See, e.g.</u>, <u>Stanley v. Commissioner</u>, 81 T.C. 634 (1983); <u>Hiramanek v.</u>

<u>Commissioner</u>, T.C. Memo. 2011-280, <u>aff'd</u>, 588 F. App'x 681 (9th Cir. 2014).

II.     <u>Burden of Proof, Substantiation, and Dependency Exemption Deductions</u>

As a general rule, the Commissioner's determinations in the notice of

deficiency are presumed correct, and taxpayers bear the burden of proving that the

determinations are in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115

(1933).  Deductions are a matter of legislative grace, and taxpayers bear the

burden of proving that they are entitled to all claimed deductions.  <u>INDOPCO, Inc.</u>

<u>v. Commissioner</u>, 503 U.S. 79, 84 (1992).  Taxpayers must comply with specific

requirements for any deductions claimed.  <u>See</u> <u>New Colonial Ice Co. v. Helvering</u>,

292 U.S. 435, 440 (1934).  Taxpayers must also maintain adequate records to

substantiate the amounts of any deductions.  Sec. 6001; sec. 1.6001-1(a), (e),

Income Tax Regs.

Under section 7491, the burden of proof shifts from the taxpayer to the

Commissioner only if the taxpayer produces credible evidence with respect to any

**[\*13]** factual issue relevant to ascertaining the taxpayer's tax liability. Sec. 7491(a)(1); Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). However, section 7491(a)(1) applies with respect to an issue only if the taxpayer has complied with the Internal Revenue Code requirements to substantiate any item, has maintained all required records, and has cooperated with reasonable requests by the Commissioner. See sec. 7491(a)(2)(A) and (B).

As previously stated, we agree with respondent that petitioner bears the burden of proving that he is entitled to all claimed Schedule A deductions, Schedule C expense deductions, a Schedule C loss deduction of $38,047 for a purported dog breeding business, dependency exemption deductions for his two minor daughters, and gross income adjustments for health insurance of $24,000 and alimony of $27,900. The evidence herein does not establish that the burden of proof shifts under section 7491(a).

Petitioner's documentation regarding some claimed deductions was submitted in his January 13, 2016, nine-page fax sent to respondent's counsel and filed with the Court. The first document is an invoice from Dr. Arthur James Mowery, a dentist, for patient Cristina Levi for services rendered on September 21, 2010 ("Labial Veneer" and "CROWN"), in the total amount of $12,000. The balance due is reflected as "0". However, this document does not prove that

**[\*14]** petitioner incurred and paid the $12,000. It appears that it was paid by Cristina Levi. He has failed to carry his burden of proof.

The second document is a 2010 pay stub for petitioner for the period June 28 to July 4, 2010, reflecting that his S corporation, Tower Isles Frozen Food, Ltd., paid $11,834.31 in health benefits for him. Although the S corporation may have incurred and paid this amount, the document does not substantiate that petitioner incurred and paid the $11,834.31. Again, he has failed to carry his burden of proof regarding the claimed $24,000 health insurance deduction.

The third document is a bank statement from Cristina Levi's account for the period May 25 to June 23, 2010. This document does not substantiate any expense underlying a deduction that petitioner claims he is entitled to for 2010.

The final document does substantiate a part of petitioner's 2010 alimony payment to his former wife, Mary Frances Levi. That document includes two pages of the transcript dated August 11, 2010, In re: The Former Marriage of Mary Frances Levi vs. Steven N. Levi, In the Circuit Court of the Ninth Judicial Circuit, In and For Orange County, Florida, Case No. 2001-DR-012110-0, reflecting that petitioner tendered a cashier's check for $12,500 on that date "to reduce a portion of his alimony". Accordingly, petitioner has proved that he paid $12,500 in alimony to his former wife Mary Frances Levi and is therefore entitled

[*15] to that portion of the total alimony claimed of $27,900. Except for this transcript reflecting $12,500 in alimony paid, petitioner has not submitted any substantiation or documentation to prove that he personally incurred and paid any Schedule A expenses or Schedule C expenses or that he is entitled to adjustments to gross income for self-employed health insurance. Accordingly, petitioner has failed to carry his burden of proof with respect to those issues.

We now turn to the claimed dependency exemption deductions for petitioner's daughters. An individual is allowed a deduction for an exemption for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(c). Section 152(a) defines "dependent" to include a "qualifying child" or a "qualifying relative". The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent.

We first turn to whether either of petitioner's daughters is his "qualifying child". In general, a "qualifying child" must: (1) bear a specified relationship to the taxpayer; (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet certain age requirements; (4) not have provided over one-half of his or her own support for the year in question; and (5) not have filed a joint return (other than a claim for refund) with a spouse. Sec.

[*16] 152(c)(1).  None of petitioner's documents show that he and his two minor daughters had the same principal place of abode for more than half of the taxable year 2010.  Therefore, on this record, we conclude that petitioner has failed to carry his burden of establishing that either daughter is a "qualifying child".

Next we consider whether either of petitioner's daughters is his "qualifying relative".  Section 152(d) sets forth the requirements for a dependent to be a "qualifying relative".  A qualifying relative is an individual:  (1) who bears a relationship to the taxpayer as described in section 152(d)(2); (2) whose gross income for the year is less than the exemption amount defined in section 151(d); (3) who receives over half of his or her support from the taxpayer for the taxable year at issue; and (4) who is not a qualifying child of the taxpayer or of any other taxpayer for the taxable year.  Sec. 152(d)(1).  None of petitioner's documents show either the total sources of support or petitioner's own share of support for his daughters.  Therefore, petitioner has failed to carry his burden of establishing that either daughter is his "qualifying relative".

In sum, we conclude that petitioner's daughters are neither his qualifying children nor his qualifying relatives; thus, petitioner is not entitled to a dependency exemption deduction for either of them for 2010.

**[\*17]** Petitioner has submitted no substantiation or documentation that he incurred and paid Schedule A expenses in 2010 for State and local general sales taxes ($6,071), real estate taxes ($5,422), home mortgage interest ($12,750), gifts to charity ($440), unreimbursed employee expenses ($9,100), tax preparation fees ($4,000), and attorney's fees ($132,000). Petitioner also submitted no substantiation for a claimed net business loss of $38,047 from a dog breeding business, which had gross receipts of $3,200 in 2010, and total reported expenses of $25,427, including advertising ($175), car and truck expenses ($3,950), legal services ($3,546), office expense ($180), other business property ($12,000), supplies ($2,240), and utilities ($3,336).

III.    Section 6651(a)(1) Addition to Tax

In general, section 6011 requires any person liable for tax to make a return when required and to set forth fully and clearly the information required to be included on the return. See sec. 301.6011-1(b), Proced. & Admin. Regs. This Court treats the filing of an invalid return as the equivalent of not filing a return for section 6651(a)(1) purposes. See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003), aff'd per curiam, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004); McNeil v. Commissioner, T.C. Memo. 2011-150, aff'd, 451 F. App'x 622 (8th Cir. 2012).

[*18] Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. A failure to timely file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is a taxpayer's "conscious, intentional failure or reckless indifference" to timely file a return. United States v. Boyle, 469 U.S. 241, 245 (1985). The addition to tax equals 5% for each month that the return is late but may not exceed 25% in total. Sec. 6651(a)(1).

Respondent bears the burden of production with respect to the section 6651(a)(1) addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447. To meet this burden, respondent must produce sufficient evidence that it is appropriate to impose this addition to tax. Once respondent has met his burden of production, the burden of proof regarding reasonable cause or other mitigating factors shifts to petitioner. See Higbee v. Commissioner, 116 T.C. at 447.

The extended due date for petitioners' 2010 return was October 17, 2011. Having concluded in Levi v. Commissioner, T.C. Memo. 2015-118, that petitioners' 2010 Federal income tax return was invalid, and considering that

[*19] neither petitioner filed any subsequent return for that year, we hold that respondent has met his burden of production as to the section 6651(a)(1) addition to tax. Petitioner has failed to offer any evidence for his failure to file a valid 2010 return, and he has failed to produce any evidence to establish the existence of reasonable cause that would otherwise excuse his failure to file a valid return for that year. Accordingly, on the basis of the evidence in the record, we hold that petitioner is liable for the section 6651(a)(1) addition to tax.

IV.     Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a 20% penalty on an underpayment of tax that is attributable to, among other things, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. The penalty under section 6662(a) applies only in cases where a valid return has been filed. See sec. 6664(b); Waltner v. Commissioner, T.C. Memo. 2014-133. Because we concluded in T.C. Memo. 2015-118 that petitioners' 2010 return was invalid, we hold that petitioner is not liable for the section 6662(a) accuracy-related penalty.

V.     Conclusion

To summarize, other than proving that he incurred and paid $12,500 in alimony payments in 2010, petitioner has failed to carry his burden of proof with

[*20] respect to the remaining Schedule A deductions, the Schedule C business loss deduction, and the dependency exemption deductions for his daughters.  In addition, petitioner is liable for the section 6651(a)(1) addition to tax.  But he is not liable for the section 6662(a) accuracy-related penalty.  Cristina Levi has no Federal income tax liability or filing requirement for the taxable year 2010.

To reflect the foregoing,

Decision will be entered

pursuant to Rule 155.