T.C. Memo. 2008-202


UNITED STATES TAX COURT


DAVID BACH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23061-06L.                    Filed August 27, 2008.


David Bach, pro se.

<u>Steven M. Webster</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to section 6330,[1] of respondent's determination to proceed with the collection of petitioner's tax liability for the 1993 taxable year.  The issue we must decide is whether petitioner is liable

---

    [1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

for the underlying tax liability for taxable year 1993,[2] and, therefore, whether respondent may proceed with the collection of that liability.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case.  At the time he filed his petition, petitioner resided in South Carolina.

Petitioner did not file a return for taxable year 1993.  On March 29, 1996, respondent sent petitioner a notice of deficiency for taxable year 1993 (notice of deficiency), but petitioner failed to petition this Court. On the envelope containing the notice of deficiency, the U.S. Postal Service noted "Return to Sender - attempted, not known."  Respondent timely assessed the income tax determined in the notice of deficiency.

On January 20, 2006, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  Respondent's Appeals officer received from petitioner on February 15, 2006, a timely filed Form 12153, Request for a Collection Due Process Hearing.  In reviewing petitioner's file, respondent's Appeals officer noted that petitioner did not

---

[2] Respondent has conceded that petitioner did not receive the notice of deficiency sent to him with respect to his income taxes for taxable year 1993.

receive the notice of deficiency and therefore did not have a prior opportunity to challenge the underlying liability and that petitioner therefore could raise relevant challenges to the underlying tax liability at the hearing.

Petitioner submitted to respondent's Appeals officer a letter stating the following:

> I disagree with the assessment in your Form Notice of Levy on Wages, Salary, and other Income that you had sent to my employer at Poinsette Tire & Auto, 208 Poinsette Hwy. Greenville, SC 29609 on February 08, 2006.  I deny each and every part thereof and in particular, I disagree with the false and malicious accusations on the attached Form 668-W(ICS) in tax year 12-31-1993.  Your assessment of additional taxes levy is completely and totally wrong; the adjustments are incorrect factually and as a matter of law.  I neither agree nor accept your findings. Your office normally sends out an audit letter pertaining to the year in question, but did not for me.  I consider your approach in this case to be harassment.  I hereby request a conference with one of your examiners so I might submit additional information and evidence.  Please schedule an appointment that will be anyway possible convenient with the taxpayer.  Please send me several Power of Attorney Forms, your audit, appeals publication and other forms or materials that I may need.

Respondent's Appeals officer sent petitioner a letter dated June 5, 2006, offering a face-to-face conference and requesting certain information.  Petitioner replied that he wanted an audio recording of the conference.  In the interim, since telephone conferences could not be recorded, respondent's Appeals officer decided to obtain information from petitioner by correspondence in order to provide the written record of events that petitioner desired.

Petitioner sent respondent's Appeals officer a letter dated June 16, 2006, identifying relevant issues that he intended to raise with respondent's Appeals officer. On June 22, 2006, respondent's Appeals officer sent petitioner a letter requesting many items that had been requested from petitioner in the June 5, 2006, letter.

On August 29, 2006, respondent's Appeals officer sent petitioner another letter scheduling a face-to-face hearing in Charlotte, North Carolina, and advising petitioner of recording requirements. Enclosed with the letter were Rev. Proc. 68-29, 1968-2 C.B. 913, Publication 216, Conference and Practice Requirements, and Notice 89-51, 1989-1 C.B. 691, all of which addressed issues surrounding the scheduled conference.

On September 19, 2006, respondent's Appeals officer received a letter from petitioner dated September 13, 2006, requesting that the conference be conducted in Greenville or Anderson, South Carolina. Respondent's Appeals officer sent petitioner a letter dated September 19, 2006, denying petitioner's request for a hearing at the requested locations and explaining that sections 301.6320-1(d)(2), Q&A-D7 and 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs., allowed for a hearing at the Appeals Office closest to the taxpayer's residence and that there was not an Appeals Office in either requested location.

On September 24, 2006, petitioner sent respondent's Appeals officer a letter again stating that he could not come to Charlotte because he was unemployed and had unreliable transportation and limited funds.  He requested a conference "near where I live".  The closest Appeals Office to Greenville, South Carolina, is either Columbia, South Carolina, or Charlotte, North Carolina.  Respondent's Appeals officer determined that petitioner's address in Greenville, South Carolina, according to Map Quest, is roughly of equal distance from Columbia, South Carolina, and Charlotte, North Carolina.  Inasmuch as petitioner's request for a hearing at another location was based on his inability to travel because of limited funds, respondent's Appeals officer determined that there would be no benefit to transferring the case to South Carolina and that the transfer would serve only to delay the Appeals process.

Petitioner's letter also asked for an explanation of a correspondence conference.  Respondent's Appeals Office sent a letter to petitioner dated September 27, 2006, explaining a correspondence conference.  Petitioner was again advised that his conference was being conducted in the closest Appeals Office to his home and that if he did not appear for the rescheduled hearing, he should submit all relevant information for consideration by October 11, 2006, or a determination would be made on the basis of all information received up to that date.

Petitioner responded with a letter dated October 6, 2006, stating that he "wants to appeal the time and place".

Respondent's Appeals officer determined that petitioner had been provided sufficient opportunity to submit information for consideration. She based her determination upon the specific issues petitioner raised in his correspondence.

Respondent's Appeals officer determined that, since petitioner's return was filed with "single" status, section 6015 did not apply. She also determined that while petitioner stated he intended to dispute the underlying tax liability, he made no specific challenge to that liability. Petitioner was provided with Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, detailing the tax information for the subject period, and a literal transcript, which provides information similar to that in Form 4340.

Because petitioner raised nonspecific issues surrounding the underlying tax liability, respondent's Appeals officer reviewed the assessment package in general and determined that: (1) Petitioner's recorded tax liability was based on wages earned and reported to the Internal Revenue Service (IRS) of $20,548, (2) a single filing status was used in the computation of petitioner's tax liability, (3) petitioner was allotted one personal exemption of $2,350 and a standard deduction of $3,700, (4) petitioner's taxable income was properly determined to be $14,498, according

to the tax table for taxable year 1993 and petitioner's filing status, (5) petitioner's tax was $2,171, (6) petitioner was given a credit for withholding of $1,645, for a balance of tax due of $526, (7) petitioner was liable for a failure to file penalty and an estimated tax penalty, (8) no computational error was discovered, and (9) the amounts shown on the notice of deficiency are the same as those recorded on official transcripts.

Petitioner's correspondence with respondent's Appeals officer stated that he believed the amount owed to be excessive but did not specify why. Petitioner did not support his position with facts or evidence. Petitioner also challenged the issuance of Form 668-W(ICS), stating that the law requires the IRS to notify a taxpayer at least 30 days before initiating any levy action to give the taxpayer an opportunity to formally appeal the proposed levy. Respondent's Appeals officer conceded that the IRS did not wait the required 30 days from issuance of Letter 1058 before issuing a wage levy, a clear violation of Internal Revenue Code and Internal Revenue Manual guidelines. Respondent's Appeals officer determined, however, that on February 23, 2006, the IRS released Form 668-W(ICS) in its entirety and no funds were ever realized from the levy issuance.

Petitioner also questioned the statute of limitations in his correspondence. The June 22, 2006, letter respondent's Appeals officer sent petitioner provided a detailed explanation regarding

the statute of limitations.  Respondent's Appeals officer determined that the tax was assessed September 2, 1996, and that the 10-year period to collect the tax would have expired on September 2, 2006, if petitioner had not submitted a timely section 6330 Appeals hearing request.  Respondent's Appeals officer determined that the period of limitations on collection had not expired because petitioner timely submitted a hearing request, which suspends collection during the time that respondent's Appeals Office considers the request and any subsequent judicial review period.

Respondent's Appeals officer determined that petitioner had proposed no specific collection alternative, although the written appeal request mentioned an installment agreement and an offer-in-compromise.  Respondent's Appeals officer determined, however, that petitioner had not filed an income tax return for 1999, 2000, 2001, 2002, 2003, 2004, or 2005 and therefore an installment agreement could not be proposed, nor could an offer-in-compromise be accepted.  Moreover, petitioner did not submit financial information for consideration, nor did he formally present a collection alternative.  Petitioner raised no other relevant issues.

Respondent's Appeals officer determined under section 6330(c)(3)(C) that, balancing the need for efficient collection against petitioner's concern that it be no more intrusive than

necessary, the issuance of the notice of intent to levy was appropriate, given the facts and circumstances of the case. She determined that, notwithstanding premature levy action, the levy action was appropriate. She determined that with the best information available, the requirements of various applicable laws or administrative procedures had been met and that petitioner had been afforded appeal rights in a timely manner. Petitioner used the appeal process to raise issues which had been addressed.

## Discussion

The issue we must decide is whether petitioner is liable for the underlying tax liability for taxable year 1993, and, therefore, whether respondent may proceed with the collection of that liability.

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Commissioner first notifies the person in writing of the right to a hearing before the Appeals Office. Section 6330(c)(1) provides that the Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed. At the hearing the person may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection

actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As noted above, respondent has conceded that petitioner did not receive the notice of deficiency. We therefore review the instant matter de novo. See Sego v. Commissioner, supra at 611; Goza v. Commissioner, supra at 182. Neither at the hearing nor at trial has petitioner raised any issue regarding the underlying tax other than whether the period of limitations for assessment has expired because the notice of deficiency allegedly was not sent to petitioner's last known address.[3] As explained below, we

---

[3] In his correspondence with respondent's Appeals officer, petitioner argued that the tax was excessive; however he did not support that claim with sufficient specificity to preserve the issue for our review. See Poindexter v. Commissioner, 122 T.C. 280, 284-286 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005). Petitioner has not raised any claim of eligibility for a
(continued...)

agree with respondent that the notice of deficiency was mailed to petitioner's last known address and that neither the period of limitations on assessment nor the period of limitations on collection has expired.[4]

The record shows that respondent mailed the notice of deficiency on March 29, 1996, to petitioner at P.O. Box 334, Greenville, South Carolina 29602.  The envelope bearing the petition was returned to respondent with a notice from the U.S. Postal Service "Return to Sender – attempted, not known." Petitioner contends his address was P.O. Box 2762, not P.O. Box 334, Greenville, South Carolina 29602.

If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice

---

[3](...continued)
collection alternative, and, in any case, petitioner would not be eligible for a collection alternative because of his failure to file tax returns for 2000-05.

[4]  Because petitioner did not file a return for taxable year 1993, the assessment period would remain open indefinitely even if the notice of deficiency were invalid.  See sec. 6501(c)(3). Had the notice of deficiency not been mailed to petitioner's last known address (and not received by him in time to file a petition in this Court), the subsequent assessment of the deficiency on Sept. 2, 1996, would have been defective (and the instant levy to collect it would be defective as well), not because the assessment was made after the applicable limitations period had expired, but because it would have been made in violation of sec. 6213(a), which restricts the assessment of a deficiency unless the assessment is duly preceded by the mailing of a deficiency notice to the last known address.  See Freije v. Commissioner, 125 T.C. 14, 34-37 (2005).

is immaterial to its validity.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address.  Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681.[5]

At trial the Court remanded this case to respondent's Appeals Office to consider whether the notice of deficiency was sent to petitioner's last known address as required by section 6212(b).[6]  On remand, respondent's Appeals officer offered petitioner a hearing in Charlotte, North Carolina, or Columbia, South Carolina.  Citing the same reasons he did not attend the

---

[5] The definition of the phrase "last known address" in sec. 301.6212-2(a), Proced. & Admin. Regs., is similar to the definition found in Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988), but the regulation was not effective until Jan. 29, 2001, and therefore is inapplicable to the instant case.

[6] Sec. 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).

previous face-to-face section 6330 hearing offered to him, petitioner refused to travel to Charlotte or Columbia. Nonetheless, on remand respondent's Appeals officer reviewed the administrative file and considered the last known address issue, noting that, at the time the notice of deficiency was issued, at least five separate sources of information in respondent's possession showed petitioner's last known address as P.O. Box 334, Greenville, South Carolina 29602.

The record shows that petitioner did not notify respondent of any other address than the one respondent used on the notice of deficiency. Petitioner did not file a return for 1993, and the address respondent used on the notice of deficiency was the address shown on the following records of respondent: (1) A transcript dated 03/08/1995; (2) a different command code showing current address information dated 08/23/1994; (3) wage information reported to the IRS dated 06/25/1996; (4) command code identifying audit data dated 08/22/1995; (5) Form 1099-G, Certain Government Payments, information for tax year 1989 reported by the South Carolina Employment Security Commission.

In the absence of a return, the last known address is the one which, in view of all relevant circumstances, the Commissioner reasonably believed the taxpayer wished the IRS to

use in sending mail to him or her.  Lifter v. Commissioner, 59

T.C. 818, 821 (1973).  We conclude that the IRS reasonably

believed that the address respondent used on the notice of

deficiency was the address petitioner wanted to be used for

mail sent to him.

Because petitioner did not, before the notice of deficiency

was mailed, communicate to respondent any address other than

P.O. Box 334, Greenville, South Carolina 29602, we hold that the

notice of deficiency, sent to petitioner at that address, was

sent to petitioner's last known address.

On the basis of the record, we hold that neither the period

of limitations for assessment of the deficiency nor the period of

limitations for the collection of the tax has expired.[7]

In sum, we hold that respondent may proceed with the

proposed levy to collect the tax liability for the year in issue.

We have considered all the contentions raised by the

parties, and, to the extent they are not addressed in this

---

[7] The limitations period for collection remains open
because, counting from the assessment date of Sept. 2, 1996, it
had yet to expire as of Feb. 15, 2006, the date on which the IRS
received from petitioner a request for a sec. 6330 hearing, and,
by reason of sec. 6330(e), the running of the period was
suspended and remains suspended pending the disposition of the
instant case.  See Boyd v. Commissioner, 117 T.C. 127, 130-131
(2001).

opinion, we conclude that they are irrelevant, immaterial, or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.