T.C. Memo. 2015-146

UNITED STATES TAX COURT

STEVEN T. WALTNER AND SARAH V. WALTNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12722-13L.                          Filed August 6, 2015.

Steven T. Waltner and Sarah V. Waltner, pro sese.

J. Robert Cuatto, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge: Petitioners, no strangers to this Court,[1] filed a petition in

response to a notice of determination concerning collection action(s) under section

---

[1]Waltner v. Commissioner, T.C. Memo. 2014-133; Waltner v.
Commissioner, T.C. Memo. 2014-35; Waltner v. Commissioner, T.C. Dkt. No.
8726-11L (filed Apr. 12, 2011).

**[*2]** 6320 and/or 6330. The issues for decision are: (1) whether petitioners may challenge the underlying liabilities; (2) whether an abuse of discretion occurred during the collection due process (CDP) hearing; and (3) whether petitioners and/or their attorney, Donald W. Wallis, are liable for sanctions.

FINDINGS OF FACT

At the time that the petition was filed Mr. Waltner lived in California and Mrs. Waltner lived in Arizona.

Petitioners filed a joint Federal income tax return for the 2004 tax year (original return), reporting adjusted gross income of $87,256, taxable income of $48,631, tax of $2,751, and withholding of $6,870. Petitioners did not claim any excess Social Security tax withholding on the original return. A refund of $4,119 was issued to petitioners on May 30, 2005.

In February 2008 petitioners submitted a joint Form 1040X, Amended U.S. Individual Income Tax Return, for the 2004 tax year (amended return). The amended return reported adjusted gross income of $370 and taxable income of zero. The amended return also reported a total of $12,453 for Federal income tax withholding, excess Social Security tax, and Medicare tax withholding. Petitioners claimed a refund of $8,334.

**[\*3]**   On May 29, 2008, respondent mailed petitioners a letter advising them that there was no legal basis for the position taken on the amended return and that their position was frivolous.  The letter advised petitioners that section 6702[2] imposes a $5,000 penalty for the filing of a frivolous tax return and that the penalty was based on the amended return.  The letter stated the penalty would not be imposed if petitioners submitted a corrected 2004 return within 30 days.  Petitioners did not submit a corrected return for 2004 or otherwise attempt to withdraw the amended return.

On September 29, 2008, a section 6702 penalty was assessed against each petitioner for the amended return.  On the same day a notice of penalty charge was mailed to each petitioner.

Letters 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, were mailed to Mrs. Waltner on March 11, 2009, and to Mr. Waltner on March 30, 2009.  The Letters 1058 each state that the Internal Revenue Service (IRS) intended to levy to collect the 2004 section 6702 penalty unless the full amount owed was paid, payment arrangements were made, or a CDP hearing was requested within 30 days.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*4]** In response to the Letters 1058 petitioners mailed letters to the IRS dated April 5 and 20, 2009, contesting the underlying section 6702 liabilities. Among other things, petitioners allege that they had established that they have no tax liability for 2004; that the IRS has the burden of proving each petitioner is a "person" against whom the penalty can be assessed; and that the penalties were not approved in writing by an appropriate employee. In the letters petitioners requested and demanded "any and all due process to which * * * [they] are entitled." The letters also advised of petitioners' intent to audio record all proceedings and requested a face-to-face CDP hearing.

On August 11, 2009, the IRS mailed a Form 8519, Taxpayer's Copy of Notice of Levy, to Mr. Waltner advising him that a $5,228.26 notice of levy for the section 6702 penalty for 2004 had been mailed to Washington Mutual. No funds were secured as a result of this levy.

On June 7, 2010, the IRS mailed a Notice CP49, Overpaid Tax Applied to Other Taxes You Owe, to petitioners informing them that the $1,767.81 overpayment of tax they had made for 2009 had been applied against their section 6702 liabilities.

On January 31, 2013, the IRS mailed a letter to Mrs. Waltner advising that it had received petitioners' letter from April 5, 2009, requesting a CDP hearing and

[*5] that she would be contacted within 60 days.  On March 18, 2013, Settlement Officer Lora Davis (SO Davis) mailed a letter to Mrs. Waltner advising that her hearing was scheduled to take place by telephone at 9 a.m. on April 9, 2013.  The letter advised Mrs. Waltner that the CDP hearing could be rescheduled if the time was inconvenient or if she preferred a face-to-face hearing.  The letter clearly stated that a completed and signed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, had to accompany the written request for a face-to-face meeting and that the Appeals Office would consider permitting audio recordings only in face-to-face CDP hearings.

Mrs. Waltner sent a fax to SO Davis on April 4, 2013, stating that Mr. Waltner would not be available for the hearing and included a Form 2848, Power of Attorney and Declaration of Representative, purporting to give Mrs. Waltner the power to represent Mr. Waltner at the CDP hearing.  Mrs. Waltner asserted that a Form 433-A was not required for a face-to-face hearing but that in the interest of resolving the matter "expediently" petitioners would not "insist" on a face-to-face hearing and would be "satisfied" with a telephone hearing.  Mrs. Waltner also suggested that SO Davis acquaint herself with Arizona law regarding recording conversations.  In the fax Mrs. Waltner contested the underlying section 6702 liabilities.  Mrs. Waltner also stated:  "We have already previously (and

[*6] recently) provided you with substantial documentation to prove our indigence". Petitioners did not submit a Form 433-A and failed to present any collection alternatives.

In preparation for the CDP hearing SO Davis reviewed Arizona law and advised the Appeals team manager that Arizona law requires the consent of only one party to record a conversation. Because Mrs. Waltner had previously recorded telephone CDP hearings without permission, the Appeals team manager advised SO Davis to offer Mrs. Waltner a correspondence CDP hearing.

On April 9, 2013, SO Davis called Mrs. Waltner at the scheduled time and advised her, on the basis of Mrs. Waltner's intention to record the call, that the CDP hearing would be held via correspondence because recording the CDP hearing was not permitted. Mrs. Waltner requested a return call from the Appeals team manager. Appeals Team Manager Thomas Anderson (ATM Anderson) called Mrs. Waltner later that day. During the call Mrs. Waltner attempted to contest the underlying penalty liabilities. ATM Anderson denied Mrs. Waltner's request for a face-to-face CDP hearing for liability purposes and offered her a CDP hearing via correspondence, which she declined.

Later on April 9, 2013, SO Davis received a fax from Mrs. Waltner requesting that the case be reassigned to another settlement officer because SO

[*7] Davis had had prior involvement in the case. SO Davis was involved in a case with petitioners that involved a similar issue but a different tax year. ATM Anderson denied Mrs. Waltner's request to have the case reassigned.

On May 2, 2013, the IRS issued a notice of determination concerning collection action(s) under section 6320 and/or 6330, sustaining the notice of intent to levy. Petitioners filed the timely petition giving rise to this case. In the petition, petitioners contest the liability for the section 6702 penalties. Petitioners allege, among other things, that respondent denied them due process and equal protection of the law and that respondent abused his discretion in upholding the notice of intent to levy.

On November 14, 2013, the Court filed Mr. Wallis' entry of appearance, which was not withdrawn before the date of trial. Mr. Wallis had represented petitioners in other cases before this Court. But, as in this case, Mr. Wallis had failed to appear at trial. See, e.g., Waltner v. Commissioner, T.C. Memo. 2014-133. Trial in this case was held on March 17, 2014, and Mrs. Waltner appeared on behalf of petitioners. Mr. Wallis filed briefs on petitioners' behalf. On February 19, 2015, the Court granted petitioners' motion to withdraw Mr. Wallis' entry of appearance.

[*8]   The section 6702 penalties for 2004 were also at issue in Waltner v. Commissioner, T.C. Dkt. No. 8726-11L (filed Apr. 12, 2011), which was pending on cross-motions for summary judgment at the time of trial of the instant case.  In that case, among other things, petitioners challenged the outcomes of the CDP hearings which upheld section 6702 penalties assessed against them for multiple years, including 2004.  On April 21, 2015, the Court issued an order granting a portion of respondent's redacted motion for summary judgment, filed on November 21, 2012, as supplemented December 9, 2013.  In the order the Court considered petitioners' liability for section 6702 penalties de novo and determined that petitioners were liable for the penalties.

OPINION

I.     Petitioners' CDP Hearing

This Court has jurisdiction to review a notice of determination issued pursuant to section 6330 where the underlying tax liability consists of a section 6702 frivolous return penalty.  Sec. 6665(a); Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made.  Section 6331(d) provides that the

**[\*9]** levy authorized in paragraph (a) may be made with respect to any unpaid tax only if the Secretary has given written notice to the taxpayer no less than 30 days before levy.

If a hearing is requested, the hearing is to be conducted by an officer or employee of the IRS Appeals Office who has had no prior involvement with respect to the unpaid taxes at issue before the hearing. Sec. 6330(b)(1), (3). At the hearing the Appeals officer or employee shall obtain verification that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer may raise at the hearing any relevant issue relating to the levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). At the hearing the taxpayer may also raise challenges to the existence or amount of the underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute it. Sec. 6330(c)(2)(B); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

At the conclusion of the CDP hearing, the Appeals officer or employee must determine whether and how to proceed with collection and must take into account (1) verification that the requirements of any applicable law or administrative

**[*10]** procedure have been met; (2) the relevant issues raised by the taxpayer, including challenges to the underlying tax liability, where permitted; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

    A.  <u>SO Davis Was an Impartial Officer or Employee</u>.

    A CDP hearing is to be conducted by an Appeals officer or employee who has had no prior involvement with the tax at issue before the first hearing under section 6330 or section 6320 unless the taxpayer waives this requirement. Sec. 6330(b)(3); sec. 301.6330-1(d)(1), Proced. & Admin. Regs. The regulations provide that "[p]rior involvement exists only when the taxpayer, the tax and the tax period at issue in the CDP hearing also were at issue in the prior non-CDP matter, and the Appeals officer or employee actually participated in the prior matter." Sec. 301.6330-1(d)(2), Q&A-D4, Proced. & Admin. Regs.; sec. 301.6330-1(d)(3), <u>Example</u> (<u>1</u>), Proced. & Admin. Regs.

    On April 9, 2013, Mrs. Waltner sent a fax to SO Davis requesting that the case be reassigned to a different Appeals officer because SO Davis had had prior involvement with petitioners, "with a similar issue (for a different tax year)." SO Davis had previously conducted a CDP hearing for petitioners but not for the same

**[*11]** tax year.  Accordingly, SO Davis' past involvement with petitioners does not rise to the level of "prior involvement" which precluded her from conducting the CDP hearing in this case.  See sec. 301.6330-1(d)(2), Q&A-D4, Proced. & Admin. Regs.;  see also sec. 301.6330-1(d)(3), Example (1), Proced. & Admin. Regs.

> B.  Petitioners' Liabilities for the Section 6702 Penalties Are Not at Issue.

Petitioners, using tax-protester rhetoric, have tirelessly advanced the argument that they are not liable for the section 6702 frivolous return penalties assessed for the 2004 tax year.  Section 6702(a) imposes a $5,000 penalty on a taxpayer who files what purports to be a tax return where the purported return does not contain information that makes it possible to judge the substantial correctness of its self-assessment or contains information that on its face indicates that the self-assessment is substantially incorrect and where the taxpayer's position is one that the Secretary has identified as frivolous or reflects a desire to delay or impede the administration of Federal tax laws.  Respondent has the burden of proving that petitioners are liable for the section 6702 penalties.  See sec. 6703(a).

Petitioners requested and received a CDP hearing for the notice of Federal tax lien filed in connection with the section 6702 penalties for 2004 (NFTL CDP hearing).  The NFTL CDP hearing was held on January 24, 2011.  The outcome of

**[\*12]** the NFTL CDP hearing was at issue in <u>Waltner v. Commissioner</u>, T.C. Dkt. No. 8726-11L, which was pending on cross-motions for summary judgment at the time of trial in the instant case. On April 21, 2015, this Court issued an order in that case determining on the basis of de novo review that petitioners were liable for the section 6702 penalties for 2004.

The regulations provide that "the taxpayer may not raise an issue that was raised and considered at a previous CDP hearing under section 6320 or in any other previous administrative or judicial proceeding if the taxpayer participated meaningfully in such hearing or proceeding." Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Because petitioners meaningfully participated in the case at docket No. 8726-11L, the underlying liabilities are not properly at issue in this case. <u>See</u> sec. 6330(c)(2)(B).

In cases like this where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. <u>See</u> <u>Freije v. Commissioner</u>, 125 T.C. 14, 23 (2005).

**[\*13]** C.  <u>The Premature Levy Does Not Constitute an Abuse of Discretion in This Case</u>.

Petitioners requested a CDP hearing in letters dated April 5 and 20, 2009. Section 6630(e)(1) provides that levy actions which are the subject of a requested hearing shall be suspended for the period during which such hearing, and appeals, are pending.  Despite the statutory suspension of levies while a CDP hearing and its related appeals were pending, Mr. Waltner received a Form 8519 in August 2009.  The Form 8519 advised Mr. Waltner that the IRS had attempted to levy on his bank account at Washington Mutual to recover the 2004 section 6702 penalty. No funds were secured from this attempted levy.

The notice of determination that petitioners received states that Appeals "verified that the proper codes to suspend levy and the collection statute were input to the tax periods at issue as of the date the IRS received the request for the CDP hearing."  We do not believe that this statement is correct, but no funds were secured as a result of the levy.  Because no funds were secured, we find this issue moot and will not address it.  <u>See</u> <u>Bach v. Commissioner</u>, T.C. Memo. 2008-202.

D.  <u>The Application of Petitioners' Overpayment Does Not Constitute an Abuse of Discretion</u>.

On June 7, 2010, respondent offset petitioners' 2009 overpayment against their 2004 section 6702 penalties.  Petitioners claim that the application of their

**[*14]** overpayment also constitutes a premature levy in violation of section 6330(e)(1). The application of an overpayment is an offset, which is distinct from a levy. Boyd v. Commissioner, 124 T.C. 296, 300 (2005), aff'd, 451 F.3d 8 (1st Cir. 2006). Section 6402(a) authorizes the Secretary to credit a taxpayer's overpayment against his outstanding tax liabilities. Sec. 6665(a). The regulations specifically provide that an offset is a nonlevy collection action that the IRS may take during the period described in section 6330(e)(1) when levies are prohibited. Sec. 301.6330-1(g)(2), Q&A-G3, Proced. & Admin. Regs. Accordingly, the application of petitioners' 2009 overpayment to their 2004 section 6702 liability was not in violation of section 6330(e)(1).

> E. The Denial of Petitioner' Request for Face-to-Face Hearing Was Not an Abuse of Discretion.

On April 4, 2013, Mrs. Waltner sent a fax stating that she disagreed with SO Davis' letter, which stated that a Form 433-A was required for a face-to-face CDP hearing, but that petitioners would be satisfied with a telephone CDP hearing. Following Mrs. Waltner's telephone discussion with SO Davis on April 9, 2013, ATM Anderson spoke with Mrs. Waltner. During their telephone conversation ATM Anderson denied Mrs. Waltner's request for a face-to-face CDP hearing for liability purposes, and she declined his offer of a correspondence CDP hearing.

[*15] A "face-to-face CDP conference concerning a taxpayer's underlying liability will not be granted if the request for a hearing or other taxpayer communication indicates that the taxpayer wishes only to raise irrelevant or frivolous issues concerning that liability." Sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. On the basis of the correspondence between petitioners and Appeals, we do not find that denial of petitioners' request for a face-to-face CDP hearing constitutes an abuse of discretion.

The record reflects that SO Davis and ATM Anderson considered whether the proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See sec. 6330(c)(3). Consequently, Appeals satisfied the requirements of section 6330(c)(3)(C). We hold that the determination to proceed with collection was not an abuse of discretion. The proposed collection action is sustained.

II. Sanctions

A. Whether Petitioners' Actions Warrant Sanctions

We may require a taxpayer to pay a penalty not in excess of $25,000 if it appears that: (1) the taxpayer instituted or maintained proceedings in this Court primarily for delay; (2) the taxpayer asserts frivolous or groundless positions in

**[\*16]** this Court; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. Sec. 6673(a)(1). A taxpayer's position is frivolous or groundless if it is "'contrary to established law and unsupported by a reasoned, colorable argument for change in the law.'" Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

Petitioners have filed four cases with this Court[3] in recent years in connection with their numerous "zero returns". Petitioners' arguments in the other cases are substantially the same as those they advanced to dispute the underlying section 6702 liabilities in this case.

The only issue in Waltner v. Commissioner, T.C. Memo. 2014-35, was whether Mr. Waltner should be subject to a section 6673 sanction because he paid the section 6702 penalty. After a detailed discussion, which we will not reiterate here, we determined the answer was "yes" and imposed a section 6673 penalty of $2,500. Petitioners did not heed our warning in that case and refused to withdraw their frivolous positions in Waltner v. Commissioner, T.C. Memo. 2014-133. As a

---

[3]The other three cases are Waltner v. Commissioner, T.C. Memo. 2014-35; Waltner v. Commissioner, T.C. Memo. 2014-133; and Waltner v. Commissioner, T.C. Dkt. No. 8726-11L.

**[*17]** result, we imposed yet another section 6673 penalty of $5,000 on each petitioner, for a total of $10,000, in that case.

In this case respondent seeks the maximum section 6673 penalty of $25,000. Despite our repeated warnings that we will not tolerate petitioners' frivolous positions and our imposition of substantial monetary penalties, we have been unable to dissuade petitioners. Petitioners continued to advance positions in this case which they had already been warned were frivolous. We find a section 6673(a)(1) sanction is warranted and impose a $15,000 penalty in total on petitioners.

B. Petitioners' Attorney Mr. Wallis

If a person admitted to practice before this Court unreasonably and vexatiously multiplies the proceedings in any case, section 6673(a)(2) allows us to impose the excess costs, expenses and attorney's fees reasonably incurred because of that conduct. We may impose these costs sua sponte. See Best v. Commissioner, T.C. Memo. 2014-72, at *22-*23 (citing Edwards v. Commissioner, T.C. Memo. 2002-169, aff'd, 119 Fed. Appx. 293 (D.C. Cir. 2005), and Leach v. Commissioner, T.C. Memo. 1993-215).

Mr. Wallis entered an appearance in this case on November 14, 2013. Though Mr. Wallis failed to appear at trial, he signed all motions and briefs that

**[*18]** petitioners filed from the date he entered his appearance until he was withdrawn as counsel on February 19, 2015.  At the time he represented petitioners in the instant case, Mr. Wallis was a member of the bar of this Court, before his resignation in lieu of discipline.  The pleadings that Mr. Wallis filed were verbose and repetitive and contained arguments that a competent tax practitioner should, or would with minimal research, know have been found to be frivolous.  We will order Mr. Wallis to show cause why we should not impose excessive costs on him pursuant to section 6673(a)(2).  Respondent will be ordered to express his position on this and provide computations of the excess costs, expenses, and attorney's fees reasonably incurred because of Mr. Wallis' conduct.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit. Petitioners, and Mr. Wallis in particular, should take note of the preceding sentence.

To reflect the foregoing,

<u>An appropriate order will be issued,</u>

<u>and decision will be entered for respondent.</u>