T.C. Memo. 2016-122

UNITED STATES TAX COURT

DAVID BUFFANO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23407-07L.                    Filed June 21, 2016.

David Buffano, pro se.

<u>Brian A. Press</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Pursuant to sections 6320(c) and 6330(d), petitioner timely petitioned the Court to review two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination), one sustaining the filing of a Notice of Federal Tax Lien (NFTL) to enable collection of petitioner's Federal income tax liabilities for 2000 through 2003 and

[*2] the other sustaining a proposed levy to collect petitioner's 2002 and 2003 Federal income tax liabilities. Petitioner had timely requested a hearing pursuant to sections 6320 and 6330[1] (collection due process or CDP hearing) with respect to the foregoing collection actions, and the notices of determination set forth the Internal Revenue Service (IRS) Office of Appeals (Appeals') disposition of the issues petitioner raised at the hearing.

The amended petition averred inter alia that (1) petitioner had been improperly denied the opportunity to challenge the underlying tax liabilities for the years at issue at the CDP hearing and (2) the settlement officer conducting the CDP hearing had not properly verified that the requirements of applicable law and administrative procedure had been met.[2]

Respondent subsequently moved the Court to remand the case to Appeals for further consideration. The Court granted that motion. After reconsideration on remand Appeals mailed to petitioner Supplemental Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with respect to the lien filing and the proposed levy (supplemental notices).

---

[1]Section references are to the Internal Revenue Code in effect at all relevant times.

[2]The petition raised additional issues, but given our disposition of this case it is unnecessary to address them.

**[\*3]** The supplemental notices, while concluding that petitioner was not entitled to relief from the filing of the NFTL or from the proposed levy, each conceded that the IRS was unable to show that a statutory notice of deficiency had been mailed to petitioner at the "correct" address for any of the years at issue. As more fully discussed herein, this concession, coupled with respondent's failure to demonstrate at trial that notices of deficiency for the years at issue were mailed to petitioner's last known address, requires a decision that the collection actions are not sustained as the liabilities they seek to collect were invalidly assessed.

## FINDINGS OF FACT

Petitioner resided in Illinois when he filed his petition.

Petitioner did not file Federal income tax returns for the 2000 through 2003 taxable years (years at issue). The IRS prepared a separate notice of deficiency for each year at issue. Respondent has conceded that petitioner did not receive any of the notices of deficiency, and at least one of the notices (the one for 2000) was returned to the IRS as undeliverable.

The IRS subsequently mailed to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to his Federal income tax liabilities for 2002 and 2003 and a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien

**[*4]** notice), with respect to his Federal income tax liabilities for 2000, 2001, 2002, and 2003.

Petitioner timely submitted Forms 12153, Request for a Collection Due Process or Equivalent Hearing, requesting CDP hearings with respect to the lien and levy notices. Petitioner asserted in the request relating to the levy notice that he was challenging whether "the IRS followed proper procedure and to ensure that this 'liability' is authentic or even owed." Petitioner made a similar assertion in the request relating to the lien notice.

Appeals subsequently mailed the notices of determination to petitioner. The letter that sustained the IRS' filing of the NFTL stated: "The determination in Appeals is that all statutory and procedural requirements were followed prior to the filing of the Notice of Federal Tax Lien. Therefore, the NFTL filing is appropriate in this case." The letter that sustained the IRS' proposed levy stated: "The determination of appeals is that all statutory and procedural requirements were followed prior to issuance of the Notice of Intent to Levy. Therefore, the proposed levy action is appropriate in this case." Neither letter specifically addressed petitioner's underlying tax liability for any of the years at issue or whether a notice of deficiency for any of those years was properly mailed to petitioner's last known address (or otherwise received by him).

**[*5]**  After this case was set for trial, respondent moved the Court to continue the trial date because, respondent stated in part, "the settlement officer failed to properly consider the petitioner's underlying liabilities for the taxable years at issue."  Respondent also moved the Court to remand the case to Appeals.  The Court granted both motions.

Pursuant to the remand, Appeals mailed the supplemental notices to petitioner.  The supplemental notice concerning the proposed levy stated:

> The determination of Appeals is that you are not entitled to relief from the proposed collection action.  You did not provide any information so the matter of the underlying liability could be considered.  You also did not provide any financial information so collection alternatives could be considered.  You would not qualify for any collection alternatives at the present time because you are not in compliance with all of your filing requirements.

The supplemental notice concerning the lien filing stated:

> It is the determination of Appeals not to grant you relief from the filing of the Notice of Federal Tax Lien covering your unpaid liability for the taxes and tax periods shown above [2000 through 2003].  You have not met any conditions for withdrawal of the Lien.  You did not provide any information so the matter of the underlying liability could be considered.  You also did not provide any financial information so collection alternatives could be considered.  You would not qualify for any collection alternatives at the present time because you are not in compliance with all of your filing requirements.

Both supplemental notices advised petitioner that Appeals had mailed him a copy of the notices of deficiency for 2002 and 2003 but that "the Service could not show

[*6] that a statutory Notice of Deficiency [for any of the years at issue] was issued to you at the correct address".

OPINION

I.      Applicable Rules

A.      Liens

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer after a demand for the taxes has been made and the taxpayer fails to pay those taxes. The lien arises when an assessment is made. See sec. 6322. The Secretary generally must file a notice of lien with certain State or local authorities where a taxpayer's property is situated for the lien to be valid against certain categories of third parties. See sec. 6323(a), (f); Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the taxpayer with written notice of the filing of an NFTL and of the taxpayer's right to a hearing with Appeals concerning the lien. See sec. 6320(a)(1), (3). If the taxpayer timely requests a hearing, an Appeals officer must at the hearing verify that the requirements of any applicable law or administrative procedure have been met. See secs. 6320(c), 6330(c)(1). In addition, the taxpayer generally may raise at the hearing "any relevant issue" relating to the unpaid tax or to the lien. See secs.

[*7] 6320(c), 6330(c)(2)(A). The taxpayer may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency with respect to the liability or otherwise have an opportunity to dispute the liability. See secs. 6320(c), 6330(c)(2)(B).

B.     Levy

The Secretary may collect a taxpayer's unpaid tax by levying upon the taxpayer's property or rights to property. See sec. 6331(a). Such a levy, however, generally requires that the Secretary first notify the taxpayer in writing of his or her right to a prelevy hearing with Appeals on the issue of whether the levy is appropriate. See sec. 6330(a)(1), (b)(1). If the taxpayer timely requests a hearing, then, as is true as in the case of a hearing on the propriety of a lien, the Appeals officer must at the hearing verify that the requirements of any applicable law or administrative procedure have been met. See sec. 6330(c)(1). In addition, the taxpayer generally may raise at the hearing "any relevant issue" relating to the unpaid tax or to the levy. See sec. 6330(c)(2)(A). Likewise, the taxpayer may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency with respect to the liability or otherwise have an opportunity to dispute the liability. See sec. 6330(c)(2)(B).

[*8] II.    Discussion

Petitioner claims that the IRS did not properly mail him a notice of deficiency for any of the years at issue.  Respondent conceded at trial that petitioner did not receive a notice of deficiency for any of those years but asserted that a notice of deficiency for each year was mailed to petitioner's last known address.  Respondent did not introduce any evidence to support that assertion.  Nor does respondent attempt to harmonize that assertion with the statements in the supplemental notices that the IRS is unable to show that a notice of deficiency was mailed to petitioner's "correct" address.

A collection action will not be sustained where the underlying liability is premised on an invalid assessment.  Hoyle v. Commissioner, 131 T.C. 197, 205 (2008); Freije v. Commissioner, 125 T.C. 14, 34-37 (2005); see also Bach v. Commissioner, T.C. Memo. 2008-202, slip op. at 11 n.4.  A Federal income tax deficiency may not be assessed unless the Commissioner first mails a statutory notice of deficiency to the taxpayer's last known address.  See sec. 6213(a); Hoyle v. Commissioner, 131 T.C. at 200; see also Coleman v. Commissioner, 94 T.C. 82, 90 (1990) (noting that the Commissioner bears the burden of proving by competent and persuasive evidence that a notice of deficiency was properly mailed).  The deficiencies that gave rise to the underlying tax liabilities at issue in this case were

[*9] not properly assessed unless respondent mailed notices of deficiency to petitioner's last known address.[3] See Hoyle v. Commissioner, 131 T.C. at 200. The admission in the supplemental notices that respondent was unable to show that notices for the years at issue were sent to the "correct" address, coupled with respondent's failure to demonstrate at trial that notices were sent to petitioner's last known address, dictate a finding that the assessments sought to be collected herein are invalid. Cf. Buffano v. Commissioner, T.C. Memo. 2016-121 (record established that notices of deficiency were properly mailed and received by petitioner for 2004 and 2005).

Consequently, the supplemental notices of determination upholding the lien filing and the proposed levy are not sustained. To reflect the foregoing,

Decision will be entered for petitioner.

---

[3]A notice of deficiency that is not mailed to a taxpayer's last known address may still be valid if the taxpayer received the notice with sufficient time to petition the Court with respect thereto. See, e.g., Freiling v. Commissioner, 81 T.C. 42, 51-53 (1983). That rule is not applicable here, given respondent's concession that petitioner did not receive a notice of deficiency for any of the years at issue.